MEMORANDUM **
Sami Azabo, allegedly a citizen of Iraq,[1] appeals the Board of Immigration Appeals’ decision to uphold the Immigration Judge’s (“IJ”) denial of his applications for asylum, withholding of removal, and protection under Article 3 of the Convention Against Torture. This court has jurisdiction pursuant to 8 U.S.C. § 1252(b). We deny the petition.
Azabo failed to meet his burden of establishing his eligibility for asylum, withholding of removal, and CAT relief through credible evidence. See Singh-Kaur v. INS, 183 F.3d 1147, 1149 (9th Cir.1999); Kamalthas v. INS, 251 F.3d 1279, 1282 (9th Cir.2001). Substantial evidence supports the IJ’s adverse credibility finding, including multiple inconsistencies regarding the 1987-89 Ba’ath recruitment, how dangerous Iraq was and is, and whether there were outstanding formal charges that could be enforced, as well as his general unresponsiveness and “whimsical” demeanor. These bases were specific and tied to significant aspects of his case. See Arulampalam v. Ashcroft, 353 F.3d 679, 686-87 (9th Cir.2003); Gui v. INS, 280 F.3d 1217, 1225 (9th Cir.2002); Chebchoub v. INS, 257 F.3d 1038, 1043 (9th Cir.2001). Azabo’s brief provides little to no argument otherwise.
Because the IJ found him not credible, Azabo could not establish through oral testimony the changed circumstances necessary to circumvent the statutory bar to his asylum claim. See 8 U.S.C. § 1158(a)(2)(C), (D). That adverse credibility finding also prevented him from meeting the higher withholding of removal standard. See Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir.2003).
Azabo’s CAT relief claim was properly denied both because he was not credible and because the objective evidence in the administrative record as to post-Saddam-era Iraq—all from the Government— showed no clear probability he would be tortured if he returned to Iraq. See Kamalthas v. INS, 251 F.3d 1279, 1284, 1282 (9th Cir.2001).
Because Azabo never met his burden to establish past persecution, he was not entitled to asylum based on the likelihood of “other serious harm,” see 8 C.F.R. § 1208.13(b)(l)(iii)(B), even assuming he articulated such a harm.
Petition DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. Despite several requests by the IJ, Azabo never actually presented any documents verifying his identity as an Iraqi citizen. The IJ mentioned, but did not rely on, Azabo’s failure to establish his identity in his decision.